S. & R. SHOEMAKER, ADMRS. *v.* J. L. & T. P. HITCH, EXRS.

[Abstract Kentucky Law Reporter, Vol. 7—765.]

**Recovery of Usury Paid.**

In a suit to foreclose a mortgage the heirs of the deceased mortgagor were made parties, and set up in defense that the whole of the obligation sued upon was usurious, and filed a cross-complaint against plaintiff to recover an excess of usury paid. It was held that such heirs were not entitled to recover such excess, and if the claim was not barred by the statute of limitations is could only be recovered by the administrator.

APPEAL FROM PENDLETON CIRCUIT COURT

April 6, 1886.

OPINION BY JUDGE HOLT:

The administrators of Silas Shoemaker brought this action against the devisees of Henry P. Hitch upon a note executed by him for $1,124.08, dated March 11, 1876, and due four years there-

after, for the purpose of enforcing a mortgage lien upon land given to secure its payment.

Manifestly two of the three defenses presented are insufficient. One is that the action is barred by a judgment in a former suit, between the same parties upon the same cause of action. The record discloses, however, that the former action was prematurely brought and was therefore dismissed. Another is that the appellees do not hold the land as devisees under the will of their father, Henry P. Hitch, but that years before his death in 1878 he divided all of his land among his children; that in that division the land embraced by the mortgage fell to them; and that at the time of the institution of this action they had been in the actual adverse possession of it as their own for more than fifteen years. It appears that about 1862 the father conveyed portions of his land to some of his children, but that embraced by the mortgage to Shoemaker was never granted nor disposed of by him by any writing save his will. He lived upon and derived his living from it until his death. He recognized and claimed it as his own, as shown both by his will and the mortgage, executed respectively in 1875 and 1876.

The remaining defense is that the entire note sued upon is usury. The history as given in the answer of the alleged transactions leading to its execution is so plausible as to incline one to believe it to be true. It is stated that on March 20, 1854, the appellee, J. L. Hitch, together with his father, Henry P. Hitch, as his surety, executed to Shoemaker a note for $680.16; that it was renewed on August 17, 1867, and July 21, 1873, the note given at the last named date being for $560 only, as several payments had been made, which are specifically stated; that on December 23, 1857, the father with his son, S. L. Hitch, as surety, executed to Shoemaker a note for $150; that it was renewed on December 23, 1865, and also on July 21, 1873, the last renewal note being for $330; that in 1876 suit was brought upon the last named note and the one for $560, but did not progress to judgment, as the note now sued upon was given by H. P. Hitch in settlement of them.

The notes, which were renewed, save the one first given upon the $150 loan, and which it is alleged is lost, are filed by the appellees; and they show the credits as set forth in the answer, save two credits of $10 each, as entered upon the notes, the one upon the one debt and the other upon the other, and which are in the

handwriting of Shoemaker. It is alleged in the answer and clearly proved by the testimony of Silas Shoemaker, Jr., and S. M. Bonar (not considering that of Luther W. Hitch) that each of these credits should be $100. The two notes for $560 and $330, with ten per cent. interest from July 21, 1873, to March 11, 1876, about equal the one now in contest. The note for $680.16 given in 1854 with ten per cent. interest, less the credits as claimed by the appellees, amounted to about $560 on July 21, 1873.

The appellants by a nondenial in their pleadings admit that their intestate held the notes exhibited by the appellees, and that he brought an action in 1876 upon the $560 and $330 notes, which he did not prosecute to judgment. Opposed to all these circumstances the appellants present only an ignoring plea; they say that they have no knowledge or information sufficient to form a belief as to their truth or falsity, and rely upon the statement in the mortgage that it was given "for money in hand paid."

No transaction is shown accounting in any way for the existence of the debt sued upon, if it did not arise from the old debts, as claimed by the appellee; and their theory is fully sustained by the circumstances. It is also proved by Luther W. Hitch who was a competent witness. It is true that Henry P. Hitch was his father; but this suit seeks no relief save to enforce the alleged lien upon the mortgaged land. The witness was never at any time, so far as shown by the record, the owner of any of it. The land his father gave him was conveyed to him in 1863, and the will of the former excludes him from any participation in his estate, as it says: "Item 3rd, I have heretofore given to my son, Luther W. Hitch, his full proportion of my property, land," etc.

In our opinion the defense of usury was fully sustained by the evidential circumstances and positive testimony exhibited in the record. The lower court, however, rendered a judgment over for the appellees for a supposed excess of usury of $111 with interest from March 1, 1867, which they subsequently by an order voluntarily reduced to $95. The usury appears to have been paid upon the $680.16 debt, in which J. L. Hitch was principal. He appears to have made the various payments upon it; and while the usury so paid was available to the executors of H. P. Hitch as a defense to the extent of the note sued upon, although executed by him alone, as the usury entered into and composed it, yet having been

paid by the son, the executors of the father were not entitled to a judgment over for any excess. The prayer in the answer is in effect that they may recover it. It says: "And when the said notes are purged of the usury paid thereon the testator's executors, J. L. and T. P. Hitch, will be entitled to a judgment against plaintiffs in the sum of $366.69 for money paid their intestate without consideration and in excess of the amount due on said notes, with legal interest thereon. Defendants plead and rely upon said $366.69 as a counterclaim herein. Wherefore defendants pray that plaintiff's petition be dismissed and that they have judgment against them for their counterclaim of $366.69, with interest and costs."

Although the appellees are sued as devisees, yet it is alleged in the petition that the appellees, J. L. and T. P. Hitch, are the executors of H. P. Hitch, and so stated or admitted in the answer; and they must be regarded as asking a judgment as executors for the alleged excess of usury. Moreover, the claim of J. L. Hitch for it arose before or when the mortgage note was executed; its collection was barred by time, if relied upon when the answer was filed in this case, and the appellants were not bound to rely upon it, if they desired to do so, because the claim was not asserted in the name of J. L. Hitch.

Judgment *reversed* with directions to dismiss the petition and to render a judgment for the appellees for their costs only.

*Leslie T. Applegate, for appellants.*

*John H. Fryer, John H. Barker, for appellees.*